UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**GERRY ROBINSON**                                              **CIVIL ACTION**

**VERSUS**                                                      **NO. 05-5478**

**BURL CAIN, WARDEN**                                           **SECTION "T"(5)**

<u>**SUPPLEMENTAL REPORT AND RECOMMENDATION**</u>

This matter was originally referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  In June, 2006, the undersigned magistrate judge issued a Report and Recommendation (rec. doc. 12), recommending that the instant matter be dismissed as untimely pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), codified at §2244(d), which generally provides that prisoners must file their habeas petitions within one year of the date their convictions become final. In October, 2006, the district judge issued an Order remanding the matter to

the magistrate judge, explaining that the Court was "disinclined to dismiss the petition" as untimely until it was "conclusively determined whether 28 U.S.C. §2244(d)(1)(B) applies to the closure of the law library due to fire;"[1] "and whether the facts set forth claiming that all prison functions were cancelled in the aftermath of Hurricane Katrina are enough to constitute equitable tolling."[2] (Rec. doc. 15, p. 3).  For the following reasons, this Court, once again, recommends that the instant action be dismissed with prejudice as untimely.

---

[1]§2244(d)(1)(B) provides a narrow exception to the general rule that a prisoner must file his habeas petition within one year of the date his conviction becomes final.  Under the pertinent provision, the one-year statute of limitations is tolled during the period when an impediment to filing a habeas application "created by State action in violation of the Constitution or laws of the United States" is in existence "if the applicant was prevented from filing by such State action."  Petitioner contends that a fire in the prison law library prevented him from filing his habeas application and that said fire constitutes the type of "State action" contemplated under §2244(d)(1)(B) which justifies a tolling of the one-year prescriptive period.

[2]The Fifth Circuit has held that the AEDPA's one-year period of limitations may be equitably tolled, but only in exceptional circumstances.  Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000), quoting Rashidi v. American President Lines, 96 F.3d 124, 128 (5th Cir. 1996).

**I.  BACKGROUND**[3]

On January 25, 1996, petitioner, in Orleans Parish Criminal District Court, was found guilty of two counts of second degree murder following trial by jury.  On November 26, 1997, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction.  State v. Robinson, 704 So.2d 993 (La. App. 4th Cir. 1997) (table).  On May 8, 1998, the Louisiana Supreme Court denied petitioner's writ application.  State v. Robinson, 718 So.2d 430 (La. 1998).  Petitioner's conviction became final ninety days later, on August 7, 1998, when the ninety-day period for seeking a writ of certiorari from the U.S. Supreme Court expired.  See U.S. Sup. Ct. R. 13(1); see also Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000), and Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

This Court concluded, pursuant to §2244(d)(1)(A), that petitioner's one-year statute of limitations commenced running on August 7, 1998, the date his conviction became final, and continued to run for 349 days before petitioner signed his first post-conviction relief application ("PCRA"), thereby tolling the running

---

[3] The above background information represents, for the most part, a condensed version of petitioner's procedural history which is set forth in detail in this Court's original report and recommendation (rec. doc. 12, pp. 1-3).

of prescription.[4]  While the trial court, on January 14, 2000, denied petitioner post-conviction relief, the state appellate court, on April 10, 2000, ruled in petitioner's favor and directed the trial court to grant him an out-of-time appeal.  State v. Robinson, No. 2000-K-0372 (La. App. 4th Cir. April 10, 2000) (unpublished order).  Petitioner proceeded to file his out-of-time appeal as directed and, on April 17, 2002, the Louisiana Fourth Circuit once again affirmed his conviction.  State v. Robinson, 820 So.2d 571 (La. App. 4th Cir. 2002).  On May 30, 2003, the Louisiana Supreme Court denied petitioner's writ application.  State v. Robinson, 845 So.2d 1068 (La. 2003).

Approximately one year later, on May 24, 2004, petitioner filed his second PCRA.  Petitioner's efforts in connection with his second PCRA culminated on August 19, 2005, when the Louisiana Supreme Court denied him relief.  State ex rel. Robinson v. State, 908 So.2d 680 (La. 2005).  Approximately two months later, on October 11, 2005, petitioner signed the instant federal habeas corpus application.  (Rec. doc. 1, p. 6).

II.  DISCUSSION

As set forth above, 349 days of petitioner's 365-day prescriptive period expired before petitioner tolled prescription

---

[4] 28 U.S.C. §2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

by virtue of filing a state post-conviction relief application. Said post-conviction application was ultimately converted by the state appellate court to an out-of-time appeal. Robinson, No. 2000-K-0372. The granting of this out-of-time appeal, however, did not "restart" petitioner's one-year limitation period, it merely tolled the running of prescription. See Salinas v. Dretke, 354 F.3d 425, 429-30 (5th Cir.), cert. denied, 541 U.S. 1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004). See also Clark v. Cain, 2005 WL 2304492 at *5-6 (W.D. La. 2005); Soileau v. Cain, 2005 WL 1629945 at *4-6 (W.D. La. 2005); Sims v. Andrews, 2005 WL 1330154 at *4-6 (W.D. La. 2005). Prescription, by virtue of petitioner's pending out-of-time appeal, remained tolled until May 30, 2003, when the Louisiana Supreme Court denied petitioner's writ application.[5] At that point, petitioner had 16 days remaining of his original 365-day statute of limitations. Petitioner did not file his second PCRA until close to a year later, on May 24, 2004. Petitioner's statute of limitations, however, had expired almost a year earlier, on or about June 15, 2003.

---

[5] In McGee v. Cain, 104 Fed. Appx. 989, 991 (5th Cir. 2004), cert. denied, 543 U.S. 1162, 125 S.Ct. 1324, 161 L.Ed.2d 134 (2005), the Fifth Circuit made clear that an out-of-time appeal, granted by a Louisiana court, is considered a collateral review proceeding, rather than a direct review proceeding. Collateral review proceedings, unlike direct view proceedings, do not toll prescription for the 90-day period an applicant has to seek, in connection with an adverse decision from a state supreme court, a writ of certiorari from the United States Supreme Court as provided under Roberts v. Cockrell, 319 F.3d at 694.

Petitioner seeks to toll prescription between May 30, 2003, when his first PCRA was dismissed by the Louisiana Supreme Court, and May 24, 2004, when he filed his second PCRA, "due to a fire which destroyed the entire education building". (Rec. doc. 1, p. 10). Petitioner claims that "during this time period", "the law library in the main prison was under construction" and this construction, caused by the fire, constituted an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States" and, as such, he is, under the provisions of §2244(d)(1)(B), entitled to a tolling of prescription until this impediment was removed.

Assuming, <u>arguendo</u>, that the fire at issue did constitute an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States", as contemplated under §2244(d)(1)(B), this impediment would not provide petitioner with any relief since the fire, and subsequent closure of the law library, occurred during the period from May 28, 2002 to June 2, 2002 (<u>see</u> rec. doc. 26, pp. 4-5 and attached exhibits B, C and D), while his one-year prescriptive period was already tolled by virtue of the fact that his first PCRA was pending within the state courts.

Petitioner also seeks to escape a finding of untimeliness based upon the claim that he is entitled to equitable tolling of prescription from August 29, 2005 to October, 2005, as a result of

Hurricane Katrina. Petitioner provides:

> On August 29, 2005, Hurricane Katrina struck the Gulf Coast flooding the city of New Orleans. As a result, and in an attempt to help those citizens needing help, prison official[s] cancel[ed] all prison functions. The prison essentially stopped functioning because every available officer was used to assist the citizens of New Orleans. Prison officials resumed operations somewhere during the month of October. [Rec. doc. 1, p. 10.]

Again, assuming, _arguendo_, that petitioner, by virtue of Hurricane Katrina, was entitled to equitable tolling from August 29, 2005 through October, 2005, such equitable tolling would provide petitioner with no relief since his one year prescriptive period expired over two years earlier, on or about June 15, 2003.[6]

Accordingly;

### RECOMMENDATION

It is hereby RECOMMENDED that the petition of Gerry Robinson for habeas corpus relief be DISMISSED WITH PREJUDICE as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[6] _See_ discussion _supra_ at p. 5.

result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this <u>12th</u> day of <u>  February  </u>, 2008.

                                                              _____
                                                              ALMA L. CHASEZ
                                                              United States Magistrate Judge